[No. 2211]

LUIGI PICETTI, PIETRO PICETTI, AND LORENZO PICETTI, APPELLANTS, *v.* D. C. WHEELER, INCORPORATED, RESPONDENT.

[159 Pac. 522]

1. APPEAL AND ERROR—REVIEW—CONFLICTING EVIDENCE.
    A judgment will not be reversed for insufficiency of evidence where substantial, although conflicting, evidence supports it.

APPEAL from Second Judicial District Court, Washoe County; *Cole L. Harwood,* Judge.

Suit by Luigi Picetti and others against D. C. Wheeler, Incorporated. From a judgment for defendant, plaintiffs appeal. **Affirmed**.

*Mack & Green* and *Heer & Glynn,* for Appellants:

The trial court erred in each and every particular set forth in the memorandum of errors. Judgment should have been in favor of plaintiffs as to the waters of the spring in question, and the judgment should be reversed and a new trial granted. The ruling of the court that plaintiffs had lost their right to the use of the water of the spring because it was consumed by evaporation and seepage before reaching their lands is wholly unsustained by the evidence.

*LeRoy F. Pike* and *L. A. Gibbons,* for Respondent:

The judgment of the lower court should be affirmed, the findings and judgment being supported by the evidence, and there being no ground for reversal.

No title can be secured to mere waste or percolating and seepage water. (Kinney on Irrigation, vol. 2, p. 1160, *et seq.*)

The evidence shows that the water was used as waste water from higher land, and that there never was a real appropriation of it; simply a mere acceptance of it when it came. This does not constitute an appropriation. (*Walsh* v. *Wallace,* 26 Nev. 299; *Smith Canal Co.* v. *Colorado,* 34 Colo. 485, 3 L. R. A. n. s. 1148; *Burkhart* v. *Nunberg,* 37 Colo. 187, 86 Pac. 98.)

It is true that the evidence is conflicting, but it is well established that where the evidence is conflicting, the decision and findings of the lower court will not be interfered with.

Having made no request as to findings, or taken any exception thereto or to defective findings, appellants cannot be heard to complain now in regard thereto. (Rev. Laws, 5345; *Warren* v. *Quill,* 9 Nev. 259; *Hogle* v. *Lowe,* 12 Nev. 286; *More* v. *Lott,* 13 Nev. 380; *Welland* v. *Williams,* 21 Nev. 230; *Schwartz* v. *Stock,* 26 Nev. 128; *Lucas* v. *City,* 28 Cal. 591.)

By the Court, NORCROSS, C. J.:

This is an appeal from a judgment in favor of the defendant in an action brought by appellants, plaintiffs in the court below, for a permanent injunction restraining the defendant from interfering with certain alleged water rights of plaintiffs.

The only question urged on appeal is that the evidence does not support the judgment. The case was tried to the court below without a jury. From the opinion of Harwood, District Judge, we quote the following:

"The evidence in this case clearly showed that whatever rights the plaintiff claimed must be based upon waters having their source below the point where the

so-called Towle Ranch ditch crosses the ravine which is referred to in the pleadings and in the testimony. There is some claim that there are small springs in addition to the large one situated on the south side of the ravine, but the evidence on this point is not clear or convincing. The only clearly established source of water supply except the waste waters, to which, of course, no claim of appropriation can be made, is the large spring above referred to. This spring has a constant flow, although it varies somewhat in quantity, and the testimony establishes the fact that in the summer the flow of the spring in question is somewhat reduced, probably as low as $2\frac{1}{2}$ or 3 inches. This spring is located a distance of about 600 yards above the plaintiff's land, and I am convinced, both from the testimony and from an inspection of the premises, which was had in company with the representatives of the parties and the parties themselves, that this small flow of water will not reach the plaintiff's land during the irrigating season. The evaporation and seepage will consume it. Undoubtedly, when this flow was added to the waste water which was used for irrigating above the spring, or that might be used for irrigating below the spring, there might have been a sufficient head of water flowing down the ravine to be available. But steps have been taken to save this waste water and carry it to other lands of the defendant company. The plaintiff has failed to make out a case with such clearness of proof and by such a preponderance of the evidence as would entitle him to a decree."

It is too well settled to require a citation of authorities, that a judgment will not be reversed for insufficiency of evidence where there is any substantial evidence to support it. The most that can be said in this case is that the evidence is conflicting. The court below not only heard the evidence, but it was the exclusive province of that court to determine the weight and credibility to be given to the testimony. In addition to hearing the testimony, the judge, in company with the respective parties, made a personal inspection of the premises in

controversy. We think no good purpose could be served by entering upon a consideration of the evidence in detail. Suffice it to say we have examined the transcript and that it cannot be said therefrom that there is not substantial evidence to support the judgment.

Judgment affirmed.